EDUVIGIS GUILLOT WIDOW OF SUÁREZ, in her own right, and as mother with *patria potestas* over her minor son, AGUS-TÍN LESTER SUÁREZ, Plaintiff and Appellant, *v.* J. F. CARA-TINI, also known as JAIME FRANCISCO CARATINI, Defendant and Appellee.

No. 8168. Argued March 12, 1941.—Decided March 17, 1941.

*Frank Torres,* for appellant. *Ramón A. Gadea Picó,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Agustín Justo Suárez was riding on a bicycle along the road from Santa Isabel to Ponce and was struck by an auto-mobile and died as a consequence of the injuries received. His widow and a three-year-old son sued Caratini in dam-ages charging that he is the owner of the car and that the chauffeur was his employee. They alleged as acts constitut-ing negligence that the chauffeur who was going in the oppo-site direction, that is, from Ponce to Santa Isabel, drove the

vehicle at an excessive speed without blowing the horn. In the fourth paragraph of the complaint it was alleged that the defendant used the automobile as a part of his business or enterprise, carrying electric. refrigerators; and in the fifth paragraph it was alleged that at the moment of the accident, the defendant was riding in the car. The defendant answered denying the essential facts and as special defense he alleged that the accident was due solely and exclusively to the negligence of Suárez himself "who suddenly and unexpectedly threw himself across the way of the automobile . . . riding on a bicycle which he conducted without taking the reasonable care to protect his person, without heed of the automobiles that travelled along the spot described in the complaint, which is a public highway, without paying attention to the warning given by the defendant's automobile, and acting without taking due care."

The case was heard before the District Court of Ponce which rendered judgment dismissing the complaint and imposing the costs on the plaintiff.

The appellants allege that the trial court erred in weighing the evidence, in applying the law to the proven facts and in rendering a judgment that is not sustained by the evidence.

We have examined the evidence and we shall state it briefly.

The only eye witness of the accident presented by the plaintiff was Santos Troche. He testified that he saw Suárez when he left his work and mounted his bicycle; that the witness and others took an automobile and from a distance of 15 or 20 meters they saw when a car ran over Suárez; that the automobile was going from Ponce towards Santa Isabel and Suárez was going in the opposite way; that the automobile went rather fast; that another automobile was travelling in front of the one which struck Suárez and that when the latter turned into the Central Mercedita, the car that came behind struck him; that he does not know if the

automobile blew his horn; that if it had done so, he would have heard it; that he cannot state exactly the speed at which the car ran; that when he arrived at the place of the accident the deceased had already been taken away. On cross examination he rectified and said that he had seen the accident from a distance of 250 or 300 meters.

The driver, Ramón Yunqué, who drove the automobile that struck Suárez, described the accident as follows:

"The accident happened in the following way: I was going from Ponce towards Santa Isabel and when we reached the small road that leads into 'Mercedita' another car was travelling in front of mine; I do not remember the license or the owner. The fact is that the car which drove in front—the chauffeur turned into the road to 'Mercedita'.

"Attorney Gadea: Into the Mercedita road?

"Yes, sir.

"The one leading from that highway?

"Yes, sir, and he turned immediately towards 'Mercedita'. Immediately I looked like this through the winshield and I saw a man coming on a bicycle along the right lane and we along ours and on reaching the road to 'Mercedita' since the other car went in, it left the road and the bicycle passed him, then when the man on the bicycle found that the car that was going had left him little space across the road, he swerved immediately, because he was pedalling very fast and he deviated behind that car without noticing that there was another car coming. When I saw him I immediately turned to my right; instead of staying on the road I swerved into the ditch but the cyclist on seeing this other car was startled and began to do like this and he hit with his front wheel the front left fender of the car which I saw driving. He hit with the bicycle's wheel the fender of the car I was driving, on the left side, almost touching the running board. Then when he hit me I think that the same speed at which he was going made him let go of the handle bars, and then I stopped the car on the other side, and I stood almost completely beyond the pavement. I took all the precautions that the law requires."

The statement of the chauffeur was fully corroborated by those of Juan Cordero, José Cordero, Jesús Rodríguez and Francisco Acosta, eye witnesses of the accident. All of them testified that the automobile ran at a moderate speed.

If there was any conflict between the testimony of the witness Santos Troche and that of the witnesses for the defendant, the trial court who saw and heard them testify before it, decided said conflict by giving credit to the witnesses of defendant and refusing it to Troche. And it not having been alleged or proven that the court, in weighing the evidence, acted with bias or moved by prejudice or partiality, it is our duty to accept and uphold its judgment.

The lower court also found to be proven facts that the defendant Caratini was not the owner of any enterprise and merely an agent on commission of L. R. Wood & Co., Inc., in Ponce; that the enterprise belonged to the aforesaid corporation and not to Caratini; that Yunqué was not the chauffeur of the defendant; and that he was not in the automobile when the accident took place. The evidence is sufficient to sustain said conclusions.

In our judgment, this is one of those lamentable accidents which so frequently take place on public streets and highways and which unfortunately seem to be inevitable.

The judgment appealed from must be affirmed.